DUFREES, FOR
HUTCHINSON
*vs*
MAXEY, &c.

---

DEBT.

## Dufrees, for Hutchinson *vs* Maxey, &c.

ERROR TO THE GREEN CIRCUIT.

*Case 59.*

*Reversal of Judgments.*

*Oct. 22.*

JUDGE MARSHALL delivered the opinion of the Court.

Where a judgment was recovered and property sold and a sale bond taken, and the judgment reversed by this Court, and the sale bond paid to the obligee, held that no action could be maintained upon the bond by the defendant, in the name of the pl'ff. to recover the amount of the sale bond.

THE judgment of Dufrees against Hutchinson, under which the sale bond, executed by Maxey and Vaughn, was taken, having been reversed before the bond was discharged, it seems to us that under the general principle, which entitles the losing party, upon a reversal of the judgment against him, to be restored as far as may be, to that of which he has been deprived by the operation of the judgment while in force, and which, in case of a sale of his property for its satisfaction, gives him a right to be reimbursed to the amount of the sale, Hutchinson was entitled to some remedy by which he might have secured to himself the benefit of the sale bond, without being compelled to look to the personal responsibility of the plaintiff in the judgment, who had not then received the money. But we are of opinion, that the reversal did not of itself so change the legal rights and duties of the parties to the bond, as that by a mere notice of the fact, and a verbal warning by Hutchinson or his attorney, to the obligors and obligee, that he would claim the benefit of the bond, and hold the obligors liable, if they paid it to the obligee, he could secure to himself the right to sue upon and enforce the bond in the name of the obligor, after it had been actually paid to him by the obligors. As

matters stood, Hutchinson had no legal right to give an acquittance against the bond. His mere word or receipt could not prevent its coercion by execution. And what the obligee might enforce by process of law, the obligors might voluntarily perform without a violation of law, however unjust and inequitable with regard to Hutchinson a requisition of performance might be.

Doubtless the Court whose judgment was reversed, possessed the power, upon the application of Hutchinson, before payment of the bond, to make such order as would have been effectual to invest him with the right to receive the money, and to control the execution for its cocion. And we are inclined to the opinion that a regular notice, executed in vacation upon the obligors and obligee, and upon the Sheriff, if necessary, would have the effect of holding the rights of the parties in suspense until the Court should set, and without interfering with the collection of the money in the mean time, by the Sheriff, would subject the whole matter to such orders as the Court might properly make upon hearing the motion. We do not say, however, that legislation may not be necessary to furnish a proper remedy in such a case. Without, therefore, determining how far the verbal notice and warning given by Hutchinson or his attorney, might entitle him to relief at law or in equity, against the obligors in the bond on any other ground, or in any other form, we are of opinion, that it did not invest him with the right of maintaining an action of debt on the bond, in the name of Dufrees, the obligee, after the money had actually been paid to him.

Wherefore, the judgment is affirmed.

*Spencer* for plaintiff: *Harlan & Craddock* for def'ts.

DUFREES, FOR
HUTCHINSON
*vs*
MAXEY, &c.

If the reversal had taken place before the payment of the sale bond, might not the defendant have given notice to the obligors therein and suspended the payment until the Circuit Court could direct its payment to the defendant?—Qu.